IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:20-cv-00120-M

DELFIE LOCKLEAR,               )
                              )
          Plaintiff,           )
                              )
v.                            )               ORDER
                              )
KILOLO KIJAKAZI,              )
Acting Commissioner of Social Security,  )
                              )
          Defendant.           )
                              )

This matter comes before the court on the parties' cross-motions for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. [DE 23, 27]. Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Brian S. Meyers entered a memorandum and recommendation ("M&R"), recommending that the court deny Plaintiff's motion, grant Defendant's motion, and affirm the final decision of the Commissioner. [DE 31]. Plaintiff timely filed an objection to the M&R. [DE 32].

**I. BACKGROUND**

Plaintiff Delfie Locklear challenges the Commissioner's decision affirming the Administrative Law Judge's ("ALJ") denial of Plaintiff's application for a period of disability and Disability Insurance Benefits. Plaintiff argues that the ALJ erred in both determining Plaintiff's residual functional capacity ("RFC") and evaluating the medical opinion evidence. The matter was referred to Magistrate Judge Meyers for a recommendation pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). Judge Meyers found that substantial evidence

supported the ALJ's RFC determination and that the ALJ provided valid reasons for the weight he assigned the medical opinions in this case. Judge Meyers recommends this court deny Plaintiff's motion, grant the Defendant's motion, and affirm the Commissioner's decision. [DE 31].

Plaintiff filed a timely objection, arguing that the magistrate judge improperly found that (1) the ALJ's limitations in the RFC properly considered Plaintiff's limitations in persistence and pace; (2) the ALJ's decision provided specific reasons for finding that Plaintiff's moderate limitation in concentration, persistence, or pace ("CPP") directly related to the complexity or the routine nature of the tasks Plaintiff is capable of performing; and (3) the ALJ properly evaluated Dr. Block's opinions. The Commissioner filed no response to Plaintiff's objections.

## II. DISCUSSION

### A. Standards of Review

A magistrate judge's recommendation carries no presumptive weight. The court "may accept, reject, or modify, in whole or in part, the . . . recommendation[ ] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1).

The Federal Magistrates Act requires that a district court review de novo those portions of the magistrate judge's M&R to which an objection is made. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing 28 U.S.C. § 636(b)(1)). Without timely objection, de novo review is unnecessary, and a district court need only check for clear error on the face of the record to accept the magistrate judge's recommendation. *Id.* Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or

2

recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A reviewing court must uphold a Social Security disability determination if "(1) the ALJ applied the correct legal standards and (2) substantial evidence supports the ALJ's factual findings." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 94 (4th Cir. 2020). The "substantial evidence" required is more than "a mere scintilla . . . but may be less than a preponderance." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). While not "reflexively rubber-stamp[ing] an ALJ's findings," a court reviewing for substantial evidence cannot "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for the ALJ's. *Arakas*, 983 F.3d at 95. Instead, the scope of review is limited to ensuring that the ALJ " 'buil[t] an accurate and logical bridge' from the evidence to their conclusions." *Id.; see also Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997) (discussing that a court's review focuses on whether the ALJ analyzed the relevant evidence and sufficiently explained his findings and rationale in crediting the evidence).

Under § 636(b)(1), the claimant's objections to the M&R must be "specific and particularized" to facilitate district court review. *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). "[G]eneral and conclusory objections that do not direct the court to a specific error" in the M&R fall short of this standard. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

### B. Analysis

The court has reviewed the M&R, the record, and Plaintiff's objections. As for those portions of the M&R to which Plaintiff made no objection, the court is satisfied that there is no clear error on the face of the record. The court notes first that Plaintiff's objections to the M&R largely appear to mirror those lodged against the ALJ in Plaintiff's motion for judgment on the pleadings. [DE 23, DE 24]. Such objections are improper under § 636, *Durkee v. C.H. Robinson*

3

*Worldwide, Inc.,* 765 F. Supp. 2d 742, 747 (W.D.N.C. 2011), *aff'd sub nom. Durkee v. Geologic Sols., Inc.,* 502 F. App'x 326 (4th Cir. 2013) ("Likewise, merely reiterating the same arguments made in the pleading submitted to the Magistrate Judge does not warrant de novo review." (citing *United States v. Midgette,* 478 F.3d 616, 621 (4th Cir.2007))); however, to the extent that the court can construe any purported error Plaintiff specifies on the part of the magistrate judge, the court will address it.

First, Plaintiff objects to the M&R affirming the ALJ's limitations in the RFC, contending the ALJ did not account for Plaintiff's limitations in persistence and pace. The M&R states that the ALJ makes "[n]o mention . . . of Plaintiff's inability to either persist or maintain pace," yet, Plaintiff argues the ALJ "clearly states Ms. Locklear was moderately limited in concentration, persistence or maintaining pace." [DE 32, at 1–2]. Plaintiff notes that the ALJ partially endorsed expert reports, including Dr. Pauline Hightower's report, that found moderate limitation in Plaintiff's ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without unreasonable rest periods. [DE 32, at 1]. Thus, Plaintiff contends, "the ALJ does not include limitations in the RFC to allow for limitations in pace, nor does the ALJ explain how, with these limitations, Ms. Locklear could consistently perform a job at a consistent pace." [DE 32, at 2].

The court rejects Plaintiff's objection. The ALJ had substantial evidence to support its RFC, including a determination that Plaintiff was moderately limited in persistence or maintaining pace. The ALJ considered Ms. Locklear's "reported problems focusing, panic attacks, anxiety related heart palpitations, and nervousness [which supports] moderate limitations in concentrating, persisting or maintaining pace." [DE 32, at 2]. The ALJ considered the evidence that Plaintiff was limited in persistence and maintaining pace in formulating the RFC, including Dr.

Hightower's report, and determined that Dr. Hightower's recommendation as to Plaintiff's limitations was "*not restrictive enough.*" [DE 31, at 10]. Thus, the ALJ relied on the very report Plaintiff argues presented evidence that Ms. Locklear has deficiencies in persistence and pace, and the ALJ adopted a more restrictive limitation on Plaintiff's work ability than the report recommended. Contrary to Plaintiff's objection, the RFC reflects Plaintiff's pace and persistence limitations. *Cf. Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020) ("Hypothetical questions can also 'adequately account for a claimant's limitations in concentration, persistence, and pace when the questions otherwise implicitly account for these limitations.'"); *see also Sizemore v. Berryhill*, 878 F.3d 72, 81 (4th Cir. 2017) ("The opinions of these two doctors thus provided substantial support for the ALJ's finding that, despite Sizemore's overall moderate difficulties with concentration, persistence, or pace, he would nonetheless be able to stay on task while performing 'simple one, two-step tasks,' as long as he was 'working in low stress non-production jobs with no public contact.'" (quoting *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015)).

Next, Plaintiff argues the M&R erroneously endorsed the ALJ's decision, which did not provide specific reasons for finding that Plaintiff's moderate limitation in concentration, persistence, or pace directly related to the complexity or routine nature of the tasks Plaintiff is capable of performing. Plaintiff argues the ALJ's decision, which limited Plaintiff to only "mak[ing] simple-work related [sic] decisions and tolerat[ing] few changes in a routine work setting defined as performing the same duties at the same station or location, day-to-day," does "not account for Plaintiff's moderate limitation in concentrating, persisting or maintaining pace." [DE 32, at 2 (quoting *Theresa S. v. Saul*, TMD 18-2850, 2020 WL 433861 at *5 (D. Md. Jan. 28, 2020))].

Plaintiff's objection is unfounded. The M&R recognizes that the ALJ provided substantial

evidence to support its conclusion that Plaintiff's moderate limitations are directly related to the complexity or the routine nature of the permitted tasks. In addition to the limitations on Plaintiff described above, the M&R states "[m]ore importantly . . . the ALJ's subsequent narrative discussion supports that such limitations account for Plaintiff's moderate impairment in CPP." [DE 31, at 9]; *see also Mascio*, 780 F.3d at 636 ("[T]he residual functional capacity 'assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations).'"). The M&R details the ALJ's reliance on the opinion of state agency consultant Natasha Temple, and two state agency psychological consultants: April Strobel-Nuss, Psy.D., and Pauline Hightower, Psy.D, in fashioning its consideration of Plaintiff's moderate limitations. [DE 31, at 10]. The ALJ only gave "partial weight" to these opinions, finding their recommended limitations "*not restrictive enough*." [DE 31, at 10]. "In so doing, the ALJ attempt[ed] to fashion more restrictive limitations than those provided by the state agency consultants, to ensure that Plaintiff's mental limitations, including those in CPP, are fully accounted for." [DE 31, at 10–11]. The ALJ's decision adequately accounted for Plaintiff's moderate impairment in CPP in the RFC, fashioned more restrictive limitations than the reports finding CPP limitations recommended, and the decision is supported by substantial evidence.

Finally, Plaintiff objects to the M&R endorsing the ALJ's evaluation of Dr. Block's opinions. Plaintiff contends the ALJ's citations to the record do not support the ALJ's conclusion, and the M&R errs in endorsing the ALJ's determinations. [DE 32, at 3]. Plaintiff also objects to the ALJ discounting Dr. Block's opinions because "as a cardiologist, Dr. Block is not qualified to comment on the claimant's mental health or mental limitations." [DE 32, at 5].

Plaintiff's objection overlooks that the ALJ gave extensive consideration to Dr. Block's

6

opinion but ultimately gave it "[l]ittle weight" because "his assessment is inconsistent with the overall evidence of record and the claimant's longitudinal medical progress." [DE 31, at 15]; *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996) ("By negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight."). For instance, the M&R affirms the ALJ's finding that Dr. Block's recommended work limitations are not supported by Plaintiff's "regular heart rate and rhythm, clear lungs, normal gait, normal range of extremity motion, normal extremity sensations and normal coordination at most examinations." [DE 31, at 15]. The ALJ also considered Dr. Block's recommendation that Plaintiff would need to elevate her legs during a workday due to edema, which conflicted with medical visits that found no edema. *Id.* Finally, the ALJ afforded little weight to Dr. Block's determination that Plaintiff should be determined disabled because "a disability determination is reserved to the Commissioner pursuant to 20 CFR 404.1527(d)(1)." *Id.* The ALJ first determined that Dr. Block's opinions should not receive "controlling weight" because the opinions were inconsistent with the overall record evidence. Then the ALJ analyzed Dr. Block's opinion under the relevant factors. [DE 31, at 16]. The ALJ determined Dr. Block's opinions were "inconsistent with the overall evidence of record, . . . not supported by Plaintiff's conservative treatment history"[1] and inconsistent "with Dr. Block's own

---

[1] Plaintiff also objects to the ALJ characterizing Plaintiff's treatment history as "conservative." [DE 32, at 4]. This is only one factor in the ALJ's multi-factor analysis of the weight to be afforded Dr. Block's opinions. Nothing in the ALJ's decision, nor in the M&R, turns on this characterization. Nevertheless, Plaintiff argues that the ALJ and M&R "do not explain how stent installation in four coronary arteries can be deemed conservative." [DE 32, at 4 (internal citation omitted)]. However, the M&R affirmed the ALJ's finding that "Dr. Block's own examination records . . . indicated that Plaintiff's cardiac condition stabilized at least to some extent following stent placement." [DE 31, at 16]. In addition, the ALJ bases the characterization of Plaintiff's treatment history as "conservative" because the only treatment she sought was "her regular follow-up visits" with Dr. Block. [DE 31, at 15]. This characterization was not in error, it was based on substantial evidence.

7

examination records." [DE 31, at 16]. Finally, the ALJ considered that "in addition to the aforementioned reasons, Dr. Block is a cardiologist and not a mental health specialist." *Id.* Dr. Block's status as a cardiologist and not a mental health specialist was just one consideration of many in the ALJ's decision to give little weight to Dr. Block's opinions. The ALJ's decision was based on substantial evidence and the M&R properly endorsed it.

## III. CONCLUSION

This court's review of the ALJ's decision is confined to whether substantial evidence in the record, as it was reviewed by the ALJ, supports his decision and whether he applied correct legal standards. *See Shinaberry,* 952 F.3d at 120. Even if other evidence exists that may support Plaintiff's position, the court is not permitted to reweigh the evidence or to substitute its own judgment for that of the ALJ. *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005). In considering the entire record, and the evidence referenced herein, the court finds that Magistrate Judge Meyers correctly found that the ALJ supported his RFC determination with substantial evidence and properly weighed the relevant medical opinions.

Therefore, the court: (1) OVERRULES Plaintiff's objections [DE 32]; (2) ADOPTS the M&R [DE 31]; (3) DENIES Plaintiff's Motion for Judgment on the Pleadings [DE 23]; (4) GRANTS Defendant's Motion for Judgment on the Pleadings [DE 27]; and (5) AFFIRMS the decision of the Commissioner of the Social Security Administration. The Clerk of Court is DIRECTED to enter judgment in favor of Defendant and close the case.

SO ORDERED this 29th day of March, 2022.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

8